OPINION
Defendant-appellant Lyda L. Stalnaker (hereinafter "wife") appeals the March 22, 2000 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, ordering plaintiff-appellee Russell E. Stalnaker (hereinafter "husband") to pay wife $300/month in child support, and adopting the shared parenting plan filed by husband as the order of the court. STATEMENT OF THE FACTS AND CASE Husband and wife were married on December 5, 1990. One child was born as issue of said union, to wit: Paul Stalnaker (DOB 1/10/91). Husband filed a Complaint for Divorce in the Stark County Court of Common Pleas, Family Court Division, on January 9, 1997. Wife filed a timely answer and counterclaim. The trial court appointed Rosemary Hall to serve as guardian ad litem for Paul. The matter proceeded to trial on March 31, 1998. Following a day of testimony from eight of husband's witnesses, the trial court scheduled the second phase of the trial for June 23, 1998. Wife submitted a proposed shared parenting plan to the trial court on April 2, 1998. The trial resumed and concluded on June 23, 1998. Via Findings of Fact and Judgment Entry/Decree of Divorce filed February 5, 1999, the trial court granted a divorce to husband on the grounds of incompatibility, ordered the parties to abide by the terms of a shared parenting plan, ordered husband to pay child support and spousal support to wife, and divided the parties' property. Wife filed a timely notice of appeal. In her appeal, wife asserted two assignments of error. Relevant to this appeal, wife challenged the trial court's failure to consider the "primary caregiver doctrine" when it fashioned the shared parenting plan. Husband filed a timely notice of cross-appeal. Relevant to this appeal, husband challenged the trial court's calculation of his child support obligation, in particular, the trial court's Cimputing an income of 5% to all of the parties' investment accounts. Via Opinion and Judgment Entry filed December 20, 1999, this Court reversed and remanded the matter to the trial court, finding the trial court's adoption of a shared parenting plan, which was not submitted by either party, violated R.C.3109.04(D)(1)(a)(iii). With respect to husband's cross-appeal, this Court found the record did not support the trial court's imputing income of 5% to the parties' investments. The trial court conducted a limited hearing on the issues remanded by this Court. The parties stipulated to the trial court's review of the transcript of the proceedings of March 31, 1998, and June 23, 1998, relative to the issues at hand. Each of the parties offered additional testimony on his/her own behalf. Husband and wife submitted separate proposed shared parenting plans. After the hearing and review of the transcripts of the previous hearings, the trial court adopted the shared parenting plan filed by husband. The trial court also determined husband's gross income to be the amount of income reflected on husband's 1997 W-2 form, and, based upon this determination, ordered husband to pay wife $300/month as child support. The trial court memorialized its ruling via Judgment Entry filed March 22, 2000. It is from this judgment entry wife appeals, raising the following assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY: (1) DISREGARDING THE "PRIMARY CARE" DOCTRINE; (2) DISREGARDING THE MINOR CHILD'S WISH TO LIVE WITH LYDA L. STALNAKER; AND (3) IMPROPERLY CONSIDERING A PSYCHOLOGICAL EVALUATION WHICH FAILED TO DISCLOSE CRITICAL EVIDENCE FAVORABLE TO LYDA L. STALNAKER.
 II. THE TRIAL COURT ERRED IN FAILING TO FACTOR IN THE TWENTY THOUSAND DOLLARS ($20,000.00) MR. STALNAKER RECEIVED FROM HIS FATHER EACH YEAR IN CALCULATING CHILD SUPPORT.
 I
In her first assignment of error, wife maintains the trial court abused its discretion in adopting as the order of the court the shared parenting plan submitted by husband. Specifically, wife asserts the trial court disregarded the primary caregiver doctrine; disregarded the wishes of the minor child to live with wife; and improperly considered a psychological evaluation which failed to disclose evidence favorable to wife. We review a trial court's decision allocating parental rights under an abuse of discretion standard. Rowe v. Franklin (1995), 105 Ohio App.3d 176, 181. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio St. Med. Bd. (1993), 66 Ohio St.3d 619,621. "In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87. When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons, supra, at 621. We turn to wife's assertion the trial court disregarded the primary caregiver doctrine. Ohio has never formally adopted the primary caregiver doctrine. However, the doctrine is inherently a part of the best interest of the child and is included in the language of R.C. 3109.04(C)(3), i.e., "the child's interaction and interrelationship with his parents." See, Thompson v. Thompson (1987),31 Ohio App.3d 254, 256. We find the fact the trial court did not award wife custody of Paul does not establish the trial court disregarded or failed to consider the primary caregiver doctrine. Without an affirmative record demonstration to the contrary, we presume the trial court considered wife's role in the upbringing of the child in determining the appropriate shared parenting plan. We now address wife's assertion the trial court disregarded the child's wishes. The fact the trial court's judgment entry runs contrary to what wife perceives to be the child's wishes does not demonstrate the trial court did not consider the desires of Paul when it adopted the shared parenting plan submitted by husband. The evidence established Paul loved both of his parents and enjoyed spending time with each of them. Additionally, Paul told his guardian ad litem he would be happy living with either parent. Lastly, we address wife's assertion the trial court improperly considered Dr. Kuendig's psychological evaluation and report as such failed to disclose evidence favorable to wife. Upon review of the record, we find wife's counsel extensively questioned Dr. Kuendig during cross-examination regarding the opinions the doctor received from other individuals, including the Stalnaker's neighbor, Dr. Robert Lesowitz, a retired psychiatrist, who opined wife should be the residential parent. Wife does not attack the admissibility of Dr. Kuendig's report, but rather the weight the trial court gave the report. In reviewing an evaluation and psychological report, the trial court must consider the credibility of the witness and determine how much weight to be given to the evidence. The trial court was in the best position to conduct such an analysis, and we cannot find anything in the record to suggest the trial court's review was improper. As noted supra, the shared parenting plan presently under review is identical to that originally created by the trial court in the February 5, 1999 Decree of Divorce. The trial court devoted nine pages in its entry to its custody determination. It is significant the plan created incorporated the recommendation of the guardian who favored such an arrangement because it is most similar to Paul's daily routine. Upon remand, a different trial court judge revisited the custody issue and adopted the shared parenting plan submitted by husband. Husband's plan mirrored the plan created by the original trial court judge in the February 5, 1999 Decree of Divorce. Although this Court may not have chosen the shared parenting plan adopted by the trail court because of the attendant inequitable limitations it places upon wife's ability to sustain gainful employment while fully accommodating appellee's present work schedule, we do not find it so palpably and grossly violative of fact and logic that it evidences perversity of will, defiance of judgment or the exercise of passion of bias. Wife's first assignment of error is overruled.
 II
In her second assignment of error, wife contends the trial court erred in its calculation of child support. Specifically, wife asserts the trial court failed to include, as part of husband's gross income, $20,000, which husband received each year from his father. The issue of child support was addressed in the parties' first appeal to this court. This Court remanded the matter on the limited issue of the trial court's imputing income of 5% to the parties' investments. We stated: Based on the above, we find the trial court erred in imputing an interest income rate of five percent to all of appellee's financial assets. If upon remand, the trial court determines the imputed income figure is other than five percent, the trial court shall recalculate child support to comply with this new percentage of imputed income on appellee's investments.
Given this limited remand, appellant is not permitted to raise issues which go beyond the scope of the remand. Accordingly, we make no determination in this appeal whether the trial court erred in failing to consider the $20,000 husband received from his father each year in its calculation of child support. Wife's second assignment of error is overruled. The judgment entry of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
 __________________ Hoffman, P.J.
Reader, V.J. concur Farmer, J. dissents
 Dissenting Opinion